IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SAMUEL WALKER,                              *
                                            *
     Plaintiff,                             *
                                            *
          v.                                *          CV 114-155
                                            *
GEORGIA BANK & TRUST OF AUGUSTA;            *
GOVERNMENT NATIONAL MORTGAGE                *
ASSOCIATION AS TRUSTEE FOR                  *
SECURITIZED TRUST GINNIE MAE                *
REMIC 2006-065; GINNIE MAE;                 *
CARRINGTON MORTGAGE SERVICES, LLC;          *
and MORTGAGE ELECTRONIC                     *
REGISTRATION SYSTEMS, INC.,                 *
                                            *
     Defendants.                            *

-----------------

O R D E R

-----------------

This matter is before the Court on Defendants Carrington

Mortgage Services, LLC ("Carrington"), Government National Mortgage

Association as Trustee for Securitized Trust Ginnie Mae Remic 2006-

065, Ginnie Mae, and Mortgage Electronic Registration Systems,

Inc.'s ("MERS") (collectively, "Defendants") Motion to Dismiss

Plaintiff Samuel Walker's ("Plaintiff") Complaint.[1] (Doc. 5.) Also

before the Court is Plaintiff's Motion for Default Judgment as to

Georgia Bank & Trust. (Doc. 9.) Plaintiff charges Defendants with

a litany of claims arising from his ownership of 3754 Bansbury

Place, Hephzibah, GA 30815, including wrongful foreclosure, fraud,

---

[1]    Georgia Bank & Trust filed a separate Motion to Dismiss (Doc. 11) that
"adopts all arguments made by the other Defendants in this case as set out in
their Motion and Brief dated July 23, 2014." (Doc. 11 ¶ 8.)

intentional infliction of emotional distress, and slander of title, as well as violations of the Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act ("HOEPA"), and Real Estate Settlement Procedures Act ("RESPA"). The majority of Plaintiff's allegations appear to be grounded in the theory that Defendants "unlawfully" securitized his home loan and improperly split the promissory note from the security deed. Defendants respond that no foreclosure has occurred, and on account of severe pleading deficiencies, Plaintiff fails to state any claim upon which relief may be granted. For the reasons set forth below, the Court **GRANTS** Defendants' Motions to Dismiss (Doc. 5, 11) and **DENIES AS MOOT** Plaintiff's Motion for Default Judgment as to Georgia Bank & Trust. (Doc. 9.)

## I. FACTUAL BACKGROUND

On or about September 28, 2006, Plaintiff obtained a mortgage loan for $198,000.00 ("the Loan") from Georgia Bank & Trust, secured by the property located at 3754 Bansbury Place, Hephzibah, Georgia 30815 ("the Property"), and evidenced by a Promissory Note ("the Note") executed in favor of Georgia Bank & Trust and its successors and assigns, promising to repay the Loan amount. (Doc. 1, Ex. A ("Compl."), ¶ 29; Doc. 5, Ex. A ("Deed"), at 1-2.)[2] Plaintiff also signed a Security Deed ("the Deed") in favor of MERS, as nominee for Georgia Bank & Trust and its successors and

---

[2] "The court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," meaning the "authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citations omitted).

assigns, granting MERS a security interest in the Property to secure Plaintiff's indebtedness under the Note. (Deed at 2-3.) The Deed granted MERS — as nominee for Georgia Bank & Trust and its successors and assigns — and MERS' successors and assigns, power of sale. (Id.) The Government National Mortgage Association, as Trustee for Securitized Trust Ginnie Mae REMIC 2006-065 ("the Trust"), is the current beneficiary under the Deed of Trust. (Compl. ¶ 30; Defs.' Br., Doc. 5, at 2.) Carrington became the servicer of the mortgage on December 3, 2013. (Pl. Br., Ex. G.) And while Plaintiff claims that Chase became the servicer in July 2014, the record indicates that Chase acquired the loan on July 1, 2014, but never replaced Carrington as the servicer. (Pl. Br. at 6 & Ex. F.) The principal balance on Plaintiff's mortgage is approximately $175,273.22. (Doc. 8, Ex. E.)

Plaintiff, proceeding *pro se*, filed a complaint against Defendants in the Superior Court of Richmond County, Georgia, on May 19, 2014, asserting various claims under federal and state law. After service of the complaint in the Richmond County case, Defendants removed the action to this Court on July 16, 2014. (Doc. 1.) Defendants now file a motion to dismiss on the grounds that Plaintiff has to state an actionable claim for relief and has failed to meet the requisite pleading standards of Federal Rules of Civil Procedure 8 and 9(b).

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Additionally, when plaintiffs act *pro se*, the pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an

otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). Indeed, *pro se* claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff's Complaint fails to satisfy the pleading standards to a degree the Court cannot reconcile. First, Plaintiff provides a 32-page, 152-paragraph laundry list of events, many of which are irrelevant to Plaintiff's asserted claims and appear to be copied or reworked from a "forensic audit" of his loan documents.[3] In instances such as this, the Eleventh Circuit does not require the district court, or the defendants, to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 (11th Cir. 2002) (citations omitted). Although Plaintiff narrates the facts of this case, he also interjects his opinions and makes vague and conclusory allegations of wrongdoing by Defendants related to the mortgage at issue, the securitization of the mortgage, the assignment of the security deed, and thus asks this Court to find the power of sale in the "Note and Mortgage/Deed of Trust" has no

---

[3] In fact, this Court recently addressed an identical motion that was filed in the Richmond County Superior Court on the same day, and ultimately removed to this Court as well. See Goodridge v. Quicken Loans, Inc. et al., 1:14-cv-155, Doc. 24 (S.D. Ga. Oct. 21, 2014).

force and effect. (Compl. ¶ 60.) For the most part, Plaintiff fails to specify the actions in which each defendant engaged to support each cause of action. A complaint justifiably may be dismissed on these grounds. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Simply, Plaintiff's filings are equivalent to a "shotgun" pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. Thompson v. RelationServe Media, Inc., 610 F.3d 628, 650 n.22 (11th Cir. 2010).

Moreover, at the outset, the Court observes:

> Plaintiff's allegations are remarkably similar to those in numerous other cases that have been filed by plaintiffs (often unrepresented) in an effort to delay, prevent or even reverse foreclosures and dispossessory actions. Such lawsuits — wherein the plaintiffs often make rambling, incomprehensible and/or conclusory allegations about mortgage industry practices such as the securitization of mortgages, and the MERS assignment and registration system, allege that the promissory note and the security deed have been improperly "split" or separated, and demand to see the promissory note — have become commonplace.

Jorgensen v. Fed. Home Loan Mortg. Corp., No. 2:12-CV-00236-RWS, 2013 WL 5200598, at *3 (N.D. Ga. Sept. 13, 2013) (listing cases). In this regard, even taking Plaintiff's *pro se* status into account, the allegations before the Court facially appear to be frivolous. Plaintiff merely echoes the unsound theories described above, namely that (1) Defendants have "unlawfully sold, assigned, and/or transferred . . . [the] Promissory Note and Mortgage/Deed of Trust related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiff's Home" (Compl. ¶ 14); (2) the securitization of his home loan was unlawful (Id. ¶¶ 30-37, 44);

and (3) the "assignment of [the Deed] without proper transfer of the obligation that secures it" renders the transaction void (Id. ¶ 43). More comprehensibly, Plaintiff alleges that Georgia Bank & Trust sold him a deceptive product, unjustly qualified him for a loan that he could not afford, and failed to explain to him "the workings" of the entire loan transaction. (Id. ¶¶ 51-55.) In the interest of thoroughness, the Court nevertheless turns to the substance of Plaintiff's claims.

## A. Wrongful Foreclosure & Slander of Title (Counts I & V)

As previously noted, Defendants did not initiate foreclosure proceedings against the Property at issue in this case. (Doc. 5 at 2.) Georgia law requires a plaintiff seeking damages for wrongful foreclosure to establish that the property at issue was *actually sold* at foreclosure. Jenkins v. McCalla Raymer, LLC, 492 F. App'x 968, 972 (11th Cir. 2012). Accordingly, Plaintiff cannot state a claim for wrongful foreclosure, and the Court **DISMISSES** Count I.[4]

---

[4] To be sure, Georgia law also recognizes a cause of action for attempted wrongful foreclosure when a foreclosure action was commenced but not completed, and the plaintiff demonstrates that a defendant "knowingly published an untrue and derogatory statement concerning the plaintiffs' financial conditions and that damages were sustained as a direct result." Sale City Peanut & Milling Co. v. Planters & Citizens Bank, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963); see also Morgan v. Ocwen Loan Servicing, LLC, 795 F. Supp. 2d 1370, 1377 (N.D. Ga. 2011) (citing cases). Plaintiff's Complaint avers that Defendants have "disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidence the commencement of judicial foreclosure by a party who does not possess that right." (Compl. ¶ 104.) The Court does not accept as true this boilerplate, conclusory assertion referencing documents that are of no relevance to this case. Plaintiff merely alleges that Defendants "claim[ed] the right to foreclose on a property in which they have no right, title, or interest" (id. ¶ 96) and "were not acting in good faith while

7

Plaintiff nevertheless continues on to allege that each Defendant "disparaged Plaintiff's exclusive valid title by and through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidence the commencement of judicial foreclosure by a party who does not possess that right." (Compl. ¶ 104.) As a result, Plaintiff asserts there is a cloud on his title that has caused him unspecified damages, continuing expenses, and "humiliation, mental anguish, anxiety" — among other feelings. (Id. ¶¶ 106-108.) To sustain a claim for slander of title, a plaintiff must establish that (1) the defendant uttered and published a slanderous work; (2) the work was false; (3) the work was malicious; (4) plaintiff possessed an estate in the property slandered; and (5) plaintiff sustained special damages. Amador v. Thomas, 578 S.E.2d 537, 540 (Ga. Ct. App. 2003).

Plaintiff fails to meet many of the elements of his slander of title claim, and the failure to sufficiently allege any one of those elements is fatal. For example, Plaintiff bases his claim on the recordation of a "Notice of Default, Notice of Trustee's Sale, and Trustee's Deed;" however, none of these documents have been recorded with regard to the Property. Slanderous "publication"

---

attempting to collect on the subject debt" (id. ¶ 98), but he alleges no *facts* in support of his argument that Defendants possessed any knowledge of any falsity or how Plaintiff has sustained any damages as a result of any "publication." (Id. ¶ 104.) To the extent, therefore, that Plaintiff seeks to state a claim for wrongful attempted foreclosure, the Court **DISMISSES** it too.

does not occur under the law until it is communicated "to any person *other than the impugned party.*" O.C.G.A. § 51-5-3 (emphasis added); Roberts v. Lane, 435 S.E.2d 227, 228 (Ga. Ct. App. 1993). Moreover, Plaintiff alleges no facts to support his argument that the information contained in any Notice of Default or Notice of Sale is false and malicious.[5] (See Compl. ¶¶ 104, 105.) In fact, the Deed's express terms require such notice. (Deed at 12-13, ¶ 22.) Falsity based solely on Plaintiff's misguided theories of "unlawful" securitization and "separation of the note" — both of which the Court addresses in depth below in Part III.D — is simply insufficient as a matter of law. The Court therefore also **DISMISSES** Count V.

### B. Fraud (Counts II & III)

Plaintiff alleges Defendants defrauded him when they "concealed" the securitization of the Loan and failed to disclose "that Borrower's loan changed in character" by being "included in a pool with other notes." (Compl. ¶ 76.) He further alleges that an unspecified defendant intentionally misrepresented to him that the successors and assigns of the Deed "were entitled to exercise the power of sale provision." (Id. ¶ 85.) Finally, in conclusory

---

[5]    Although Plaintiff's Complaint references a Notice of Default and Notice of Trustee's Sale, neither of these documents have been provided to the Court. (See Compl. ¶ 104.) Nor is it clear to the Court at this time — based on the parties' motions, briefs, and exhibits — whether any Notice of Default has been given to Plaintiff at all. (See Doc. 8, Ex. E (letter responding to Plaintiff's "Qualified Written Request" that says if payments are past due, default has occurred).)

9

fashion, Plaintiff alleges that a defendant "fail[ed] to disclose the material terms of the transaction." (Id. ¶ 87.)

"[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). To sufficiently plead a claim for fraud, plaintiffs in Georgia must establish five elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." Kabir v. Statebridge Co., LLC, No. 1:11-CV-2747, 2011 WL 4500050, at *6 (N.D. Ga. Sept. 27, 2011) (quoting Baxter v. Fairfield Fin. Servs., 704 S.E.2d 423, 429 (Ga. Ct. App. 2010)). This rule alerts defendants to the precise misconduct with which they are charged and protects defendants against spurious charges of fraudulent behavior. Steinberg v. Barclay's Nominees, No. 04-60897, 2008 WL 4601043, at *11 (S.D. Fla. Sept. 30, 2008) (citing Brooks v. Blue Cross Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997)). The Eleventh Circuit has further held that compliance with Rule 9(b) requires a complaint to set forth the following: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the

10

defendants obtained as a consequence of the fraud. <u>Kabir</u>, 2011 WL 4500050, at *6.

Plaintiff's Complaint is insufficient to satisfy the heightened pleading standard outlined above. He fails to allege any precise statements that were made, which defendant(s) made those statements, where they were made, how the statements caused him to enter the loan agreement, or how Defendants benefitted as a consequence. Instead, he generalizes that Defendants "concealed" the securitization, which purportedly was "intended to induce" him to enter the Loan, and Defendants ultimately "profited" from this concealment. (Compl. ¶¶ 76, 78, 81.)

Even if sufficiently pled, Plaintiff's theory that Defendants' failure to inform him that the Loan may be securitized and sold in any number of pieces entitles them to relief is without merit. The Court is unaware of any legal authority — and Plaintiff provides none — supporting the proposition that the securitization of a debt insulates a debtor from foreclosure or relieves a debtor of the obligation to repay. See <u>Tonea v. Bank of Am., N.A</u>, No. 1:13-CV-1435-WSD, 2014 WL 1092348, at *3 (N.D. Ga. Mar. 18, 2014); <u>Montoya v. Branch Banking & Trust Co.</u>, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *6 (N.D. Ga. Mar. 9, 2012); <u>Searcy v. EMC Mortg. Corp.</u>, No. 1:10-CV-0965-WBH, slip op. at 2 (N.D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's

rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure.").

Plaintiff's claims that Defendants "intentionally misrepresented" who was entitled to exercise the power of sale (Compl. ¶ 84) and who was the ultimate holder of the Note and/or Deed (Id. ¶ 86) suffers from the same gross pleading deficiencies: there is no "who, what, when, where, and how." Moreover, it appears to the Court that Plaintiff grounds these claims in a fundamental misunderstanding of the law. Plaintiff freely executed the Deed, which expressly granted MERS, its subsequent successors, and its assigns "the right to foreclose and sell the Property." (Deed at 2-3.) To the extent Defendants may have made fraudulent — or even merely confusing — oral representations about the power of sale above and beyond the express language in the Deed, Plaintiff does not allege them.

Plaintiff does allege Defendants made fraudulent representations when they "were attempting to collect on a debt which they have no legal, equitable, or pecuniary interest in" on account of secondarily assigning or selling "the mortgage loan" to the Trust. (Compl. ¶¶ 34, 86.) This too, substantively, has no grounds in the law. Even if Defendants are not the "'holder and owner' of the Note" and had no beneficial interest in Plaintiff's debt obligation despite representing so, they still have the right

12

to exercise the power of sale pursuant to the terms of the Deed. You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013).

Plaintiff's claims for fraud (Counts II & III), therefore, are also **DISMISSED** as a matter of law.

### C. Intentional Infliction of Emotional Distress ("IIED") (Count IV)

The Complaint alleges "Plaintiff has experienced many sleepless nights, severe depression, lack of appetite, and loss of productivity at its place of employment" and is "living under [a] constant emotional nightmare" because Defendants have "threatened [him] with the loss of the Property." (Compl. ¶¶ 93, 98, 100-101). According to Plaintiff, Defendants "intentionally, knowingly, and recklessly" created this "outcome," which "exceeds all bounds . . . usually tolerated in a civilized society" because Defendants allegedly do not have any right, title, or interest in the Property. (Id. ¶¶ 94-96.)

To prevail on an IIED claim under Georgia law a plaintiff must allege, and ultimately provide evidence for, conduct that was (1) intentional or reckless; (2) extreme or outrageous; and (3) the cause of severe emotional distress. United Parcel Serv. v. Moore, 519 S.E.2d 15, 17 (1999). "The rule of thumb in determining whether the conduct complained of was sufficiently extreme and outrageous is whether the recitation of the facts to an average member of the community would arouse her resentment against the defendant so that she would exclaim 'Outrageous!'" Id. The conduct

13

must be deemed extreme by a reasonable person, and whether it would be is a question of law for the court. Id.; Blue View Corp. v. Bell, 679 S.E.2d 739, 741 (Ga. Ct. App. 2009).

Generally, "[s]harp or sloppy business practices, *even if in breach of contract*," are generally not extreme or outrageous. United Parcel Serv., 519 S.E.2d at 17 (emphasis added)(citations omitted). Indeed, in the area of debt collection and mortgage foreclosures, as in any other context, a plaintiff's burden is stringent. For instance, neither "threatening language" nor collecting on a debt that has already been paid goes "beyond all bounds of decency" so as to state a claim. Smith-Tyler v. Bank of Am., N.A., 992 F. Supp. 2d 1277, 1282-83 (N.D. Ga. 2014); Cook v. Covington Credit of Ga., Inc., 660 S.E.2d 855, 858 (Ga. Ct. App. 2008).

This pleading is thus deficient on its face since it provides the Court with no plausible grounds on which to reasonably infer Defendants are liable for IIED. See Iqbal, 556 U.S. at 678. Plaintiff's conclusory allegations are nothing more than a recital of the IIED elements with no specific factual allegations. Even if the facts had been alleged with more specificity, as a matter of law these facts do not indicate Defendants are liable. No reasonable person would believe Defendants' actions were extreme or outrageous. As previously explained, Defendants have a legitimate reason to believe they could pursue foreclosure upon Plaintiff's default according to the terms of the Deed, though they have yet to

14

do so. Thus, Plaintiff's only argument is that Defendants engaged in "outrageous or reckless conduct" by telling Plaintiff they could exercise the power of sale provision, an express term of the Deed. And while the Court understands that Plaintiff's financial situation may be stressful, he presents no evidence that Defendants acted with "the specific intent of inflicting emotional distress." (Compl. ¶ 97.) Consequently, the Court **DISMISSES** Count IV.

### D. Lack of Standing and/or Invalid Assignment (Counts VI, VII & X)

Several of Plaintiff's claims rest on the arguments that (1) Defendants do not hold the promissory note and therefore do not have standing to exercise the power of sale; (2) the Deed is void because it was improperly "split" from the Note; or (3) MERS did not have authority to assign the Deed and violated the "Pooling and Servicing Agreement" in doing so. Courts have repeatedly rejected these claims, and each argument is wholly unsupported by Georgia law. Tonea v. Bank of Am., N.A., No. 1:13-cv-1435, 2014 WL 1092348, at *3 (N.D. Ga. Mar. 18, 2014) (rejecting the plaintiff's argument that MERS did not have the authority to assign his mortgage because "MERS [was] the grantee under the security deed, to which Plaintiff expressly agreed"); Menyah v. BAC Home Loans Servicing, LP, No. 1:12-CV-0228-RWS, 2013 WL 1189498, at *3 (N.D. Ga. Mar. 21, 2013) (finding the plaintiff lacked standing to attack the assignment between MERS and the defendant because the plaintiff was not a party to the contract); Milburn v. Aegis Wholesale Corp.,

15

No. 1:12-CV-01886-RWS, 2013 WL 1136983, at *3 (N.D. Ga. Mar. 18, 2013) (explaining that "as a stranger to the Assignment, Plaintiff lacks standing to challenge it"); Clarke v. Branch Banking & Trust Co., No. 1:12-CV-03383-JEC-RGV, 2013 U.S. Dist. LEXIS 49875, at *22 (N.D. Ga. Mar. 4, 2013) (noting that the plaintiff's "claim appears to be an attempt to repackage a 'produce the note' argument that has been repeatedly rejected by this court, and is therefore due to be dismissed"); LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5-6 (N.D. Ga. Jan. 18, 2011) (rejecting plaintiff's wrongful foreclosure claim based on "splitting" of note and security deed and finding that holder of security deed was authorized to exercise power of sale); You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013) (holding "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed *even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed*") (emphasis added).

The Court therefore **DISMISSES** Plaintiff's claims for quiet title (Count VI),[6] declaratory judgment (Count VII), and rescission

---

[6]    Plaintiff's pleading fails to satisfy the statutory requirements for a quiet title action under Georgia law.  The Georgia Quiet Title Act, O.C.G.A. § 23-3-60 *et seq.*, provides specific procedural prerequisites to pleading a quiet title action.  A plaintiff must file (1) a plat of survey of the land, (2) a copy of the immediate instrument or instruments, if any, upon which the petitioner's interest is based, and (3) a copy of the immediate instrument or instruments of record or otherwise known to the petitioner, if any, upon which any person might base an interest in the land adverse to the petitioner.  O.C.G.A. § 23-3-62(c).  At minimum, Plaintiff failed to attach to the Complaint and subsequent filings a plat as required by statute, and

(Count X),[7] all of which seek either injunctive relief or damages based on the flawed legal theories described above.

### E.    TILA, HOEPA, and RESPA (Counts VIII & IX)

Lastly, Plaintiff seeks relief for Defendants' alleged violation of TILA, HOEPA, and RESPA.  Plaintiff claims Defendants failed to provide him with "accurate material disclosures" and failed to "[take] into account the intent of the State Legislature in approving [TILA] which was to fully inform home buyers of the pros and cons of adjustable rate mortgages."  (Compl. ¶ 133.)   As a result, Plaintiff "lost substantial equity," "were [sic] unable to refinance their [sic] home or to obtain any modification of their [sic] loan, which has resulted in Plaintiff being permanently burdened by the fraudulent loan made by defendants."  (Id. ¶¶ 135, 136.)   Pursuant to RESPA, Plaintiff further alleges that "[t]he interest and income that Defendants have gained is disproportionate to the situation Plaintiff find themselves [sic] in due directly to Defendant's failure to disclose that they will gain a financial benefit while Plaintiff suffer [sic] financially."  (Id. ¶ 144.)

Plaintiff again fails to plead his claims with sufficient particularity to provide fair notice to *any* defendant in this case

therefore his quiet title petition is subject to dismissal.  Montoya v. Branch Banking & Trust Co., No. 1:11-CV-01869-RWS, 2012 WL 826993, at *3 (N.D. Ga. Mar. 9, 2012); GHG, Inc. v. Bryan, 566 S.E.2d 662, 662 (Ga. 2002) ("A petition [to quiet title] is subject to dismissal only when on the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-62.").

[7]    As discussed in Part III.E, infra, Plaintiff's claim for rescission, in so far as it is based on TILA violations, also fails based on the statute of limitations.

of what the statutory claims are and the grounds upon which the claims rest. Conclusory allegations that Defendants (1) gained "disproportionate income" or "creat[ed] a windfall" (Id. ¶ 146), (2) violated the whole of TILA and RESPA, and (3) provided inaccurate, false or incomplete disclosures all fail to assert the necessary facts to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Even if the Complaint was pled correctly, however, Plaintiff's claims are barred by the statute of limitations. All civil actions arising under TILA must be brought within one year of the date of the violation and actions for rescissions under TILA must be brought within three years of the closing of the loan. See 15 U.S.C. § 1640(e), 1635(f). Similarly, claims under RESPA are subject to either a one or three year statute of limitations, depending on the alleged violation. See 12 U.S.C. § 2614. Here, the closing date of the Loan was on September 28, 2006, nearly eight years from the date of the Complaint.

For these reasons, the Court also **DISMISSES** Counts VIII and IX.

### IV. CONCLUSION

The Eleventh Circuit Court of Appeals has held that where a "more carefully drafted complaint might state a claim," the court must allow a pro se plaintiff "at least one chance to amend the complaint before the district court dismisses the action with

prejudice," unless amendment would be futile. <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007); <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991). A more carefully drafted complaint would not state a claim in this case. It is utterly devoid of facts to support Plaintiff's claims, and the incoherencies, internal inconsistencies, and irrelevant attachments fail to demonstrate the plausibility of those claims. For the reasons set forth above, therefore, the Court hereby **GRANTS** Defendants' Motions to Dismiss. (Doc. 5, 11.) All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Court therefore **DENIES AS MOOT** Plaintiff's "Motion for Default Judgment." (Doc. 9.) The Clerk **SHALL** terminate all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this _3rd_ day of November, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA